UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LIONELL SONNIER** | **CIVIL ACTION 16-CV-1079** |
| **VS.** | **SECTION P** |
| | **CHIEF JUDGE DEE D. DRELL** |
| **CLERK OF COURT ST. MARTIN PARISH** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. § 1983) of *pro se* plaintiff Lionell Sonnier filed *in forma pauperis* on July 18, 2016.  Plaintiff is currently an inmate awaiting trial at the Lafayette Parish Correctional Center in Lafayette, Louisiana.  He named the St. Martin Parish Clerk of Court as the sole defendant.   This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that this complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(A) and 1915A.

### STATEMENT OF THE CASE

Plaintiff's complaint sets forth allegations that the St. Martin Parish Clerk of Court's Office wold not release records to his family members needed to aid in his criminal defense, thereby violating his Fifth, Sixth and Fourteenth Amendment rights.

## LAW AND ANALYSIS

1.   **Screening**

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court should dismiss the case if at any time it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad

discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). Nevertheless, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). The district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

    **2.**    **St. Martin Parish Clerk of Court**

In the instant matter, plaintiff has named the St. Martin Parish Clerk of Court's Office as his sole defendant. Claims against that office should be rejected, however, as the Clerk's Office is an arm of the Louisiana Fifteenth Judicial District Court, and a state court simply is not a "person" or a juridical entity capable of being sued under § 1983. *Victor v. Louisiana,* Civ. Action No. 12-2745, 2012 WL 6757038 (E.D. La. Nov. 26, 2012); *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D.La.) ("[S]tate courts are not considered 'persons' within the meaning of § 1983."), aff'd, 537 F.2d 1141 (5th Cir.1976); *Thompson v. St. Bernard Parish Court*, Civ. Action No. 09–4465, 2010 WL 110797, at *3 (E.D.La. Jan. 11, 2010); *Stewart v. Criminal District Court of*

*Louisiana*, Civ. Action No. 08–3731, 2008 WL 4758610, at *2 (E.D.La. Oct. 30, 2008); *Knight v. Guste*, Civ. Action No. 07–1124, 2007 WL 1248039, at *3 (E.D.La. Apr. 27, 2007).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(A) and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, September 20, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE